IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL JAMES DE LA ROSA,

               Plaintiff,

v.

JANA GRACE JIMENEZ,

               Defendant.

OPINION and ORDER

23-cv-666-jdp

---

Plaintiff Michael James de la Rosa alleges that his former acquaintance, Jana Grace Jimenez, physically abused him, stole from and defrauded him, interfered with his custodial rights, and caused him great mental anguish. Because De la Rosa proceeds in forma pauperis, I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B). I must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept De la Rosa's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint for failure to state a claim and direct the clerk of court to record a strike under 28 U.S.C. § 1915(g).

To be liable under 42 U.S.C. § 1983, Jimenez must have acted "under color of state law" to deprive De la Rosa "of some federally guaranteed right." *See Wilson v. Price*, 624 F.3d 389, 392 (7th Cir. 2010). Action is taken under color of state law "when it involves a misuse of power . . . made possible only because the wrongdoer is clothed with the authority of state law." *See id.*

A private citizen may be liable under § 1983 if she conspires with a public employee to deprive the plaintiff of his constitutional rights. *Proffitt v. Ridgway*, 279 F.3d 503, 507 (7th Cir. 2002). "A complaint must contain more than mere conclusory allegations of such a conspiracy; a factual basis for such allegations must be provided." *Bowman v. City of Franklin*, 980 F.2d 1104, 1107 (7th Cir. 1992); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007).

De la Rosa's allegations don't suggest that Jimenez, his former acquaintance and apparent mother of his children, acted under color of state law. De la Rosa's allegations don't suggest that Jimenez was a state employee, much less that she took the alleged actions in that capacity. Nor has De la Rosa alleged that Jimenez conspired with a state employee to violate his federal rights. The closest allegation is that Jimenez used an attorney to write a fraudulent divorce decree, but "a divorce lawyer's efforts on behalf of his client cannot under any foreseeable set of circumstances be considered state action." *Patel v. Heidelberger*, 6 F. App'x 436, 438 (7th Cir. 2001). If De la Rosa is alleging that Jimenez conspired with the police or prosecutors by accusing him of domestic abuse, this allegation would not make Jimenez a state actor for § 1983 purposes. *See Rogers v. Relitz*, No. 22-cv-730-wmc, 2023 WL 2784878, at *3 (W.D. Wis. Apr. 5, 2023) (plaintiff's allegation that defendants called the police on him two times, which led to the service of a temporary restraining order and the institution of criminal charges, failed to suggest that defendants were state actors).

Because De la Rosa's allegations fail to suggest that Jimenez is a state actor, I will not allow him to proceed on his § 1983 claims against her. The court of appeals has cautioned against dismissing a pro se plaintiff's case without giving him a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But dismissal in this case is

appropriate because it's clear from De la Rosa's allegations that Jimenez isn't a state actor under § 1983. *See Bogie v. Rosenberg*, 705 F.3d 604, 608 (7th Cir. 2013). De la Rosa would have to pursue his claims against Jimenez in state court.

ORDER

IT IS ORDERED that:

1. Plaintiff Michael James de la Rosa's complaint, Dkt. 1, is DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

2. The clerk of court is directed to record a strike under 28 U.S.C. § 1915(g), enter judgment, and send plaintiff copies of this order and the judgment.

Entered November 14, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge